INDUSTRIAL & GENERAL TRUST, Limited, v. TOD et al.

(Supreme Court, Appellate Division, First Department. December 7, 1900.)

1. INSURANCE—SURETY COMPANIES—LIMITATION ON RISK.
    A surety company is an insurance company, within the general insurance law (Laws 1892, c. 690), prohibiting an insurance company to expose itself on any one risk to a loss exceeding 10 per cent. of its capital and surplus, and classifying as insurance companies those guarantying bonds in actions, or required by law.

2. SAME.
    Laws 1893, c. 720, as amended by Laws 1895, c. 178, provides that, whenever any undertaking is required to be executed, the court may approve such undertaking, whenever guarantied solely by a corporation authorized by its charter to execute it, and that the execution by such surety company alone shall be a full compliance with the provisions of the law requiring such undertaking to be executed by one or more sureties, or that such sureties shall be residents or householders, or possess any other qualifications. Held not to exempt surety companies from the provisions of the general insurance law prohibiting insurance companies from exposing themselves on any one risk to a loss exceeding 10 per cent. of their capital and surplus.

3. SAME—INDEMNITY.
    In determining whether a surety company has exposed itself to a loss exceeding 10 per cent. of its capital and surplus on any one risk, as prohibited by General Insurance Law, § 24, it is proper to deduct the value of collaterals taken by it to indemnify itself against loss by such risk.

Appeal from special term, New York county.

Action by the Industrial & General Trust, Limited, against J. Kennedy Tod and others. From an order overruling exceptions to the sufficiency of the surety on an undertaking to stay execution of a judgment pending appeal to the court of appeals, and approving such undertaking, plaintiff appeals. Reversed.

Argued before VAN BRUNT, P. J., and RUMSEY, McLAUGHLIN, PATTERSON, and O'BRIEN, JJ.

Samuel Untermeyer, for appellant.
Carlisle Norwood, for respondents.

McLAUGHLIN, J. The plaintiff recovered a judgment against the defendants Tod and Leiper for $377,476.65, and, desiring to stay its

enforcement pending an appeal to the court of appeals, they gave an undertaking in the sum of $450,000, with the defendant the Lawyers' Surety Company as sole surety. The plaintiff excepted to the sufficiency of the surety "upon the ground that the said Lawyers' Surety Company, being an insurance company, has exceeded its powers as prescribed by law, in assuming to execute an undertaking in a sum which exposes said surety company to a loss on one risk or hazard exceeding 10% of its capital and surplus." Notice of justification of the surety was thereafter served in the manner provided by the Code, and, on an examination had in pursuance of such notice, it appeared that the capital stock of the surety company is $500,000, and its surplus $207,000, making the aggregate of its capital stock and surplus $707,000. It also appeared that the defendants Tod and Leiper had deposited with the surety company, as security against any loss which it might sustain by reason of executing the undertaking as surety, certain collaterals; but it did not appear what the collaterals were, or their value. The exceptions were overruled and the undertaking approved, and the plaintiff has appealed.

We are of the opinion that the order appealed from must be reversed. The defendant surety company comes within the provisions of section 24 of the general insurance law (chapter 690, Laws 1892). This section provides that:

"No domestic insurance corporation, nor any insurance corporation organized under the laws of any country outside of the United States, doing business in this state, shall expose itself to any loss on any one risk or hazard, to an amount exceeding ten per cent. of its capital and stock. No insurance corporation, incorporated under the laws of any other state of the United States, doing business in this state, shall expose itself to any loss on any one risk or hazard, within this state, to an amount exceeding ten per cent. of its capital and surplus. No portion of any such risk or hazard, which shall have been reinsured in a corporation authorized to do business in this state, shall be included in determining the limitation of risk prescribed by this section."

That the defendant surety company does come within the provisions of the general insurance law cannot be seriously questioned. It is conceded that it was incorporated either under this law, or one precisely like and superseding it. The act is divided into various articles, the first of which contains section 24, just quoted, and is entitled "General Provisions," and which applies to the whole act. The second is entitled, "Life, Health and Casualty Insurance Corporations;" and section 70 (the first section of the article) provides, among other things, that certain persons may become a corporation for the purpose of making any of the following kinds of insurance:

"(4) Guaranteeing the fidelity of persons holding places of public or private trust. Guaranteeing the performance of contracts, other than insurance policies, and executing or guaranteeing bonds and undertakings required or permitted in all actions or proceedings, or by law required."

But it is urged by the respondents that section 24, if it ever were applicable to the defendant surety company, has been rendered inapplicable by chapter 720, Laws 1893, as amended by chapter 178, Laws 1895. This is not so. A reference to these chapters will show that the legislature did not intend to exempt surety companies

from the provisions of section 24 of the general insurance law. The manifest object and purpose sought to be accomplished by the act of 1893, as amended by the act of 1895, is to permit a corporate bond to be substituted for an individual bond whenever the execution of a bond is required by one or more sureties, and also to make the execution of such bond or undertaking by a surety company alone a compliance with any law or regulation directing the execution of a bond by one or more sureties, as well as to render such corporate bond a compliance with the requirements of the statute that sureties shall be residents or householders, or freeholders possessing other qualifications. There is an entire absence of anything to indicate that the legislature intended to exempt surety companies from the "general provisions" of the insurance law, and especially from section 24. These statutes do not in terms repeal or modify section 24, so that it must be held that they do not in terms repeal or modify the provisions of the insurance law relating to the amount of risk to be assumed by a surety company, nor are they repugnant in any respect to such provisions. Section 24 of the general insurance law, therefore, so far as surety companies are concerned, remains in force and effect, and its meaning is clear. It prohibits the companies and corporations therein specified from exposing themselves to a loss upon any one risk or hazard to an amount exceeding 10 per cent. of their capital stock and surplus, and, if they do expose themselves to a loss in excess of that amount, their act would undoubtedly be ultra vires. Bank v. Jones, 95 N. Y. 115; Pratt v. Short, 79 N. Y. 437; Crocker v. Whitney, 71 N. Y. 161.

But can it be said that the defendant surety company has violated this section in executing the undertaking in question, or that it has "exposed itself to any loss on any one risk or hazard to an amount exceeding ten per cent. of its capital and surplus"? The amount of loss to which it is exposed by virtue of its acting as surety is not necessarily measured by the amount of liability specified upon the face of the undertaking. It is undisputed that it has taken from Tod and Leiper collaterals to indemnify it against any loss which it may sustain. If the value of these collaterals is sufficient to fully indemnify it, then how can it be said that it has exposed itself to any loss whatever? Manifestly it cannot. Certainly the hazard or risk to which it has exposed itself is reduced to the extent of the value of the collaterals which have been transferred to and are now held by it. But the learned justice sitting at special term neither determined what the collaterals were, nor their value. It is impossible, therefore, for this court to ascertain from the record before us whether the surety company has exposed itself to a loss, by executing the undertaking in question, exceeding 10 per cent. of its capital and surplus. Before this can be determined, it is necessary to ascertain of what the collaterals consist, as well as the value of the same. When this is done, and not until then, can that question be determined. For this reason the order appealed from must be reversed, with $10 costs and disbursements, and the question remitted to the special term

to determine the value of the collaterals held by the defendant surety company, and, when such value has been ascertained, then to make such order concerning the sufficiency of the surety as the proofs may warrant.

The order appealed from is reversed, with $10 costs and disbursements, and the matter remitted to the special term, as indicated in this opinion. All concur.